**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

SERGIO PALOMO,                            :
                                          :
     Plaintiff,                         :          Civil Action No. 14-3444 (SRC)
                                          :
     v.                                 :          **OPINION**
                                          :
COMMISSIONER OF SOCIAL                    :
SECURITY,                                 :
                                          :
     Defendant.                         :
_____:

**CHESLER, District Judge**

     This matter comes before the Court on the appeal by Plaintiff Sergio Palomo ("Plaintiff")
of the final decision of the Commissioner of Social Security ("Commissioner") determining that
he was not disabled under the Social Security Act (the "Act").  This Court exercises jurisdiction
pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without
oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be
vacated and remanded for further proceedings in conformity with this Opinion.

     In brief, this appeal arises from Plaintiff's application for disability insurance and
supplemental security income benefits, alleging disability beginning June 15, 2007.  A hearing
was held before ALJ Hilton R. Miller (the "ALJ") on September 20, 2012, and the ALJ issued an
unfavorable decision on September 28, 2012, finding Plaintiff not disabled.  After the Appeals
Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's
final decision, and Plaintiff filed this appeal.

     In the decision of September 20, 2012, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work when assisted by a cane.  At step four, the ALJ also found that this residual functional capacity was sufficient to allow Plaintiff to perform his past relevant work as a security guard.  The ALJ also made an alternative disability determination.  In the alternative, at step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, and that he could not perform his past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that the two alternative analyses reached the same result: Plaintiff was not disabled within the meaning of the Act.

As Plaintiff contends, both of the ALJ's approaches to the disability determination are problematic.  As to the "security guard with cane" scenario, the ALJ reasoned as follows.  In this scenario, Plaintiff retains the residual functional capacity to perform light work, but with the additional limitation of a cane to assist with walking.  The ALJ heard testimony from a vocational expert on the subject of whether Plaintiff could perform his past relevant work as a security guard.  The expert stated that Plaintiff could perform his past work as a security guard. (Tr. 60.)  The expert was then questioned by Plaintiff's counsel, and the expert stated that the security guard job he had in mind was a "patrol guard" position, an employee who does rounds and spends much of the day walking.  (Tr. 61.)  When Plaintiff's counsel asked the expert whether a person who walked at two-thirds of the normal rate and used a cane could perform this job, the expert said that such a person could not do so.  (Tr. 63-64.)  Plaintiff then testified that,

2

when he worked as a security guard, he had to make rounds.  (Tr. 65.)

The ALJ concluded that Plaintiff retained the residual functional capacity to perform his past work as a security guard.  This determination is not supported by substantial evidence.  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance."  McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004).  The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision.  See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).  The Commissioner relies on the evidence from the vocational expert, but this evidence is not adequate to support the conclusion that Plaintiff can perform the work of a patrol guard.  Although the vocational expert did initially testify that Plaintiff could do so, when asked about whether someone with slightly lower walking speed could perform the job, the expert said that person could not.

The ALJ did not address the question of Plaintiff's walking speed in the opinion, and it appears to be an open question whether Plaintiff has sufficient ability to walk to perform his past relevant work as a patrol guard.  The Commissioner's opposition brief contains a helpful summary of the medical evidence, and it shows that medical reports have consistently remarked on abnormalities in Plaintiff's gait since 2008: Dr. Rubbani in 2008 (Tr. 396), Dr. Prosad in 2009 (Tr. 401), Dr. Hidalgo in 2009 (Tr. 408), physical therapist Hsu in 2010 (Tr. 413), and Dr. Hidalgo again in 2011 (Tr. 421).  The reports from the two state agency consultants, who reviewed the medical records, found exertional and postural limitations related to walking.  (Tr.

85, 96.)  Several examining physicians reported that Plaintiff walked with a limp and used a cane.

Given this record, this Court cannot say that the determination that Plaintiff can walk well enough to be a patrol guard is supported by substantial evidence – especially in light of the testimony from the vocational expert that a person who walks at a slower speed cannot do that job.  The Commissioner's opposition brief points to no evidence which supports a determination that, despite the need for a cane to walk, Plaintiff can walk fast enough and well enough to be a patrol guard.  Of the ALJ's two approaches to the disability analysis, the first is not supported by substantial evidence.[1]

As to the second approach, the ALJ asked the vocational expert whether there were sedentary jobs that Plaintiff could perform, and the vocational expert said that there were. Plaintiff argues, however, that Medical Vocational rule 201.17 mandates a finding of disability, inasmuch as Plaintiff was between the ages of 45 and 49, unable to communicate in English, and had only performed unskilled work.  The Commissioner, in opposition, argues that the vocational rules are applied at step five, and the alternative approach did not reach step five. This is not correct.  The ALJ's alternative analysis proceeds as follows: at step four, Plaintiff retains the residual functional capacity to perform sedentary work.  The record shows that Plaintiff's previous work as a security guard should be classified as light work, not sedentary work.  Because, on this alternative theory, Plaintiff does not retain the residual functional capacity to perform his past relevant work, the analysis must proceed to step five.  If Plaintiff is

---

[1] The Commissioner also argues that Plaintiff has waived any challenge to the step four determination because it was not raised in the opening brief.  This is simply untrue.

viewed as having the residual functional capacity for sedentary work only, the ALJ erred by not applying Medical Vocational rule 201.17 at step five.

Plaintiff argues that, because of this error in the application of Medical Vocational rule 201.17, the Commissioner's decision should be reversed and the case remanded solely for the determination of benefits.  The Sixth Circuit has held:

> If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.

Faucher v. Secretary of Health & Human Servs., 17 F.3d 171, 176 (6th Cir. 1994).  This Court is not persuaded that this is an appropriate case to order an award of benefits.  There is a material factual issue which needs to be resolved: given Plaintiff's difficulties with walking, does Plaintiff retain the residual functional capacity to perform his past relevant work?  This Court concludes that the Commissioner's determination is not supported by substantial evidence, and the Commissioner's decision will be vacated.  The case will be remanded to the Commissioner for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: April 27, 2015